122

# CIRCUIT COURT OF AUGUSTA COUNTY

Kwang Li (Jo) Chan

v.

Commonwealth of Virginia

July 28, 2015

Case No. CL15000716-00

BY JUDGE VICTOR V. LUDWIG

I have received the Motion for Leave To File under Seal (the Motion) filed by the petitioner, Kwang Li Chan, and I have reviewed the proposed order (the Order), but I have not yet entered it. Although I have not made a final decision, I am, at this point, disinclined to enter the Order. I acknowledge that this is the first request of this nature that I have had, and perhaps there is clear mandate for the Court to do as you ask, but I will need some authority for that proposition.

In the Petition, Chan asserts that she and "one of the defendants in the underlying negligence action entered into [an agreement] which contains a confidentiality provision . . . prepared in connection with the parties' successful mediation of the negligence action. . . ." Petition, ¶ 2. In order to pursue her Petition, Chan must "divulge to the Court the amount and terms of the settlement. . . ." Petition, ¶ 3 Relying on Va. Code Ann. § 8.01-581.22, the Confidentiality Statute, Chan asserts that the mediated agreement should be kept confidential (hence, under seal) because the parties to it have agreed that it should. That statute provides, in part, as follows:

> All memoranda, work products, and other materials contained in the case files of a mediator or mediation program are confidential. Any communication made in or in connection with the mediation, which relates to the controversy being mediated, including screening, intake, and scheduling a mediation, whether made to the mediator, mediation program staff, to a party, or to any other person, is confidential. However, a written mediated agreement signed by the parties shall not be confidential, unless the parties otherwise agree in writing.

> Confidential materials and communications are not subject to disclosure in discovery or in any judicial or administrative proceeding except . . . (ix) as provided by law or rule. . . .

Va. Code Ann. § 8.01-581.22.

Assuming the items in the envelope accompanying the Petition to be what she wants to be sealed, the materials Chan submitted do not contain a written mediated agreement.

I am assuming that it is the agreement itself that Chan seeks to protect from public scrutiny. I infer that from her observation that "the parties to the mediated settlement agreement in the underlying medical malpractice case agreed in writing that the terms of the agreement would be kept confidential." Petition, ¶ 6. Although I am unaware of any medical malpractice action filed in this Court, Chan also alleges that there was a "negligence action against certain tortfeasors for personal injuries [she] sustained." Petition, ¶ 3. There was such a negligence action, Case No. CL13001637, filed in this Court against defendants, none of whom were health care providers. Presumably, Chan intended to refer to that action because the venue (perhaps jurisdiction) provision of Va. Code Ann. § 8.01-66.9 requires that the "court in which a suit by an injured person has been filed . . . may . . . reduce the amount of [the Commonwealth's] liens. . . ." If there is a malpractice suit which has been filed and settled in another court, the Petition should be filed there.

Without going into detail as to the content of each document, Exhibit A is the brief in support of the lien; Exhibit B is a list of Chan's medical expenses; Exhibit C is Chan's life care plan; Exhibit D is a doctor's assessment of the vocational consequences of Chan's disabilities; and Exhibit E, the final exhibit, is a consultant's assessment of the economic value of the life care plan. Perhaps I have overlooked the mediated agreement, but, in any event, even assuming that this procedural wrinkle can be ironed out, the statutes and case law on disclosure seem to suggest that I should not enter the Order.

Va. Code Ann. § 17.1-208, the Sunshine Statute, states that "[e]xcept as otherwise provided by law, any records that are maintained by the clerk of the circuit court shall be open to inspection by any person. . . ." Section 17.1-208 creates a presumption of access that is "equivalent to the constitutional right of access." *Daily Press, Inc. v. Commonwealth,* 285 Va. 447, 456 (2013). To overcome this presumption, the party moving to seal records bears the burden of "establishing an interest so compelling that it cannot be protected reasonably by some measure other than a protective order." *Shenandoah Publishing House, Inc. v. Fanning,* 235 Va. 253, 259 (1988).

The question, then, is whether the Court is bound to follow the Sunshine Statute or the Confidentiality Statute. Both statutes have undefined limits of applicability. Just as § 17.1-208 applies "[e]xcept as otherwise provided by law," § 8.01-581.22 permits exceptions "as provided by law

or rule." In *Perreault v. Free Lance-Star,* the Virginia Supreme Court addressed the tension between § 8.01-581.22 and § 17.1-208, albeit in the wrongful death context. Critically, the wrongful death statute in that case required that the petition "state the compromise, its terms, and the reason therefor." *Perreault,* 276 Va. 375, 384–385 (quoting Va. Code Ann. § 8.01-55). Similarly, § 8.01-66.9, on which Chan relies to seek relief from the Commonwealth's lien, requires that the Court "set forth the basis for any such reduction in a written order." In the wrongful death context, it is the petition that is the source of the sensitive information; in the context of lien reduction, sensitive information may be revealed when the Court fulfills its obligation to set forth in writing the basis for any reduction in the lien owed to the public.

Although Chan maintains that *Perreault* does not control (and, strictly speaking, perhaps it does not), the Court did explain that the legislative purpose of § 8.01-55 is to serve "the public's 'societal interest in learning whether compromise settlements are equitable and whether the courts are administering properly the powers conferred on them'." *Id.* at 389 (quoting *Shenandoah Publishing,* 235 Va. at 260). In light of that purpose, the Court stated it could not "conceive that the General Assembly intended to permit the confidentiality provisions allowed but not required by Code § 8.01-581.22 to trump the provisions of Code § 8.01-55 and, consequently, the right of public access provided for by Code § 17.1-208." *Id.*

If the legislative purpose of § 8.01-55 is to "serve the public's 'societal interest in learning whether compromise settlements are equitable and whether the courts are administering properly the powers conferred on them'," surely the same interest is served by the disclosure of any basis for reducing a lien claimed by the Commonwealth. If that policy consideration applies to an intrafamilial distribution of proceeds recovered in a wrongful death action, surely it applies in a case in which one party is asking the Commonwealth to reduce a lien claimed by it for services rendered to that party. If it applies to what is essentially a private affair, surely it must apply with even greater force when the public is being asked, even for good reasons, to subsidize medical care to an individual by foregoing all or some portion of an amount specifically reserved to, and protected by lien for, the Commonwealth (and, by extension, the public). That conclusion is reinforced by an examination of Va. Code Ann. 2.2-514, which deals with the compromise and settlement of "disputes . . . involving all interests of the Commonwealth," including lien reductions sought by way of § 8.01-66.9. That statute provides, in part:

> No settlement under subsection A shall be made subject to a confidentiality agreement that prohibits the Commonwealth, a state agency, officer, or employee from disclosing the amount of such settlement except where such confidentiality

agreement is imposed by a court of competent jurisdiction or otherwise is required by law.

Va. Code Ann. § 2.2-514(B).